PD-1566-14     1566-14

ORIGINAL

IN THE
TEXAS COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

JAN 27 2015

Abel Acosta, Clerk

EX PARTE  JIMMY R. WILLIAMS,
                    PETITIONER,

            VS.

THE STATE OF TEXAS,
                    RESPONDENT

FILED IN
COURT OF CRIMINAL APPEALS

FEB 02 2015

Abel Acosta, Clerk

PETITION FOR DISCRETIONARY REVIEW FROM THE
FIRST COURT OF APPEALS, HOUSTON, TEXAS
NUMBER #01-13-01054-CR

PETITION FOR DISCRETIONARY REVIEW

JIMMY R WILLIAMS-PRO SE
BILL CLEMENTS UNIT-1899010
9601 SPUR 591
AMARILLO, TX. 79107-9606

# TABLE OF CONTENTS

PAGE

TABLE OF CONTENTS (1)

INDEX OF AUTHORITIES (2)

STATEMENT REGARDING ORAL ARGUMENT (3)

STATEMENT OF THE CASE (3)

STATEMENT OF PROCEDURAL HISTORY (4)

GROUNDS FOR REVIEW (4)

ARGUMENT (5)

PRAYER (9)

APPENDIX (10)

# Index Of Authorities

Alvarado Vs State, 912 S.W 2d 199, 206-7. (1995)

Bone Vs. State, 77 S.W 3d 828, 833.

Gribble Vs. State, 808 S.W. 2d 65, 70.

Rocha Vs. State, 16 S.W. 3d 1, 4. (2000).

Stricland Vs Washington, 466 U.S. 668, 687-96.

Thompson Vs. State, 9 S.W. 3d 808, 812 (1999).

In Re Winship, 397 U.S. 358, 364 (1970)

## A. Statement Regarding Oral Argument

Petitioner is a pro se prisoner of whom is not trained in law or skill in oral argument. Further, the issues presented herein are not of a complex sort which requires the oral argument and petitioner therefore waives oral argument in this case.

## B. Statement Of The Case

This case is the result of a aggravated assault to a family member conviction for allegedly stabbing and or cutting petitioner's wife. Petitioner pled "not guilty" and after (14) fourteen months of confinement in county jail, petitioner's trial defense attorney coehersed (coached) petitioner into accepting a guilty plea with the recommendation of a P.S.I. (Pre-Sentensing Investigation) Report. Trial defense attorney during trial and punishment hearings failed to ask any questions or make any objections in favor for the petitioner. Trial attorney also failed ask questions or make any objections from the complaintant's allegations, nor did trial attorney cross-examine witness including complaintant and did not call supporting witnesses who were in favor of the petitioner's defense.

(3)

## C. Statement Of Proceedural History

On December 4, 2013 from the 182ᴺᴰ District Court of Harris County, Texas in Trial Court Number #1362277, the Petitioner was found Guilty Of Aggravated Assault to a Family Member (S.B.I.) And Sentenced to 45 years in Prison. Petitioner Gave Timely Notice Of Appeal And On the 21ˢᵀ day Of October, 2014, The First Court Of Appeals In Houston, Texas Affirmed the Conviction In Case No. #01-13-01054-CR. The Petitioner Now Seeks Discretionary Review.

## D. Grounds For Review

(1) Trial Defense Counsel Provided "Ineffective Assistance Of Counsel" By Not Cross-Examining The Complaining Witness. Trial Counsel Failed To Ask Questions Or Make Any Objections To Complaintant's Recored Testimony And Accusations Towards Petitioner's Allegied Actions During Conficting Incident. Trial Counsel Failed To Call Supporting Witnesses In Favor Of The (Defendant) Petitioner During The Pre-Sentensing Investigation Hearing.

(2) The Complaintant's _Typed And Signed Affidavit_ Conflicts With The Court Recored Testimony Of Of The Same Complaining Witness's In Open Court Statements.

(4)

(3) TRIAL COURT AND TRIAL DEFENSE ATTORNEY BOTH FAILED TO REVIEW COMPLAINTANT'S MEDICAL RECORDS, WHICH SHOW CONFLICTING EVIDENCE THAT THE COMPLAINING WITNESS NOT ONLY LIED ABOUT WHAT WENT ON DURING THE CONFRONTATION, BUT SHE ALSO COMMITTED FRAUD IN OPEN COURT WITH FALSE TESTIMONY.

## E. ARGUMENT

After being arrested and expidited from the state of Arkansos to Harris County Jail in Houston, Texas, PETITIONER ON SEPTEMBER 8, 2012 pled "NOT GUILTY" ON THE CHARGES OF AGGRAVATED ASSAULT WITH A FAMILY MEMBER 2° DEGREE FELONY. (CLERK'S RECORD p. 11 shows INDICTMENT OF STATE CHARGE) PETITIONER WAS NOT APPOINTED COUNSEL FOR HIS DEFENSE UNTIL SEPT. 14TH 2012 (CR. p.18) THEREFORE LEAVING HIM NO PROPER DEFENSE REPRESENTATION FROM AUG 24TH TO SEPT 14TH 2012 WHICH WERE CRITICAL PHASES OF HIS ARREST AND INCARCERATION. ON SEPT 6TH 2013 TRIAL DEFENSE ATTORNEY (ONE YEAR LATER) COEHERSED AND CONVINCED PETITIONER TO ACCEPT A PLEA OF GUILTY WITH THE APPLICATION OF A AGREEMENT ON A P.S.I., PRESENTENSE INVESTIGATION REPORT. (CR. p. 21) ON DECEMBER 4, 2013 PETITIONER WAS CONVICTED OF AGGRAVATED ASSAULT (S.B.I.) 1° DEGREE FELONY AND SENTENSED TO 45 YEAR IN PRISON. WITHOUT THE RECOMMENDATION OF A P.S.I. AGREEMENT.

(5)

Reporter Record Volume 2, p. 6, lines 20-22;
Court - "And for the record, I have received a packet of information that the defense presented, correct?"
Trial Attorney Salinas at closing argument asked for consideration with P.S.I. report by stating, "This is an individual who's never been in trouble before" (Reporter's Report, Volume 2, p. 39, line 5).

Trial Attorney Salinas did not alert the court of withdrawing guilty plea when it was known that the judge would not honor the P.S.I. recommendation (Clerk's Record. p. 838-39) "A Judicial confession of wrong doing, standing alone, is not enough to support a conviction; there must exist other evidence showing that a crime has been committed." ROCHA Vs. STATE, 16 S.W 3d 1, 4 (Tex Crim. App 2000).

During and throughout bench trial and punishment hearings Trial Defense Attorney FAILED to make any objections or ask any direct questions that would help the defense by not cross-examining any witnesses including the complaining witness herself. Under the due process clause of the 5th and 14th amendments to the United States Constitution, the state is required to prove beyond a reasonable doubt every element of the crime with which a defendant is charged. IN RE WINSHIP, 397 U.S. 358, 364 (1970); U.S. Vs. O'BRIEN, 130 S. Ct. 2169, 2174 (2010).

(6)

REPORTER'S RECORD, VOLUME 2, p. 35, LINES 11, 12 "I HAVE NO QUESTIONS", RR, VOL-2, p 36, LINES 4, 5, "I HAVE NO OBJECTIONS, YOUR HONOR".

COMPLAINTANT'S TYPED AND SIGNED AFFIDAVITT CONFLICTS WITH STATEMENTS AND ALLEGATIONS MADE IN OPEN COURT BY COMPLAINING WITNESS. DURING BOTH PUNISHMENT AND TRIAL HEARINGS DIFFER GREATLY WITH COMPLAINTANT ALLEGING MULTIPLE STABBINGS AND CUTTINGS COURT RECORD #2012-53530/COURT 280; REPORTER'S RECORD, VOL-2, p. 30, 31 - LINES 25, 1, 2.

TRIAL DEFENSE ATTORNEY SALINAS FAILED TO REVIEW AND COMPARE NOTES ON COMPLAINTANT'S MEDICAL RECORDS FOR ACTUAL EVIDENCE OF ALLEGED INJURIES THAT WOULD HAVE PROVEN PETITIONER'S DEFENSE OF NOT PERFORMING CRIMINAL ACTIONS OF ALLEGED CLAIMED INJURIES. (CLERK'S RECORD, p. 146, 148, 179.) "NO PERSON MAY BE CONVICTED OF A CRIMINAL OFFENSE AND DENIED HIS LIBERTY UNLESS HIS CRIMINAL RESPONSIBILITY FOR THE OFFENSE IS PROVED BEYOND A REASONABLE DOUBT." ALVARADO Vs. STATE; 912 S.W. 2d 199, 206-7. SEE ALSO ARTICLE 38.03, TEXAS CODE OF CRIMINAL PROCEDURE.

BECAUSE OF INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PRE-SENTENCE INVESTIGATION HEARING, IT HAS BEEN PROVEN THAT BY PREPONDERANCE OF THE EVIDENCE THE TRIAL ATTORNEY'S REPRESENTATION WAS DEFICIENT IN

(7)

THAT HE FELL BELOW THE OBJECTIVE STANDARD OF PROFESSIONAL NORMS. A REASONABLE PROBABILITY DOES EXISTS THAT FOR THE COUNSEL'S DEFICIENCY THE OUTCOME OF THE TRIAL WOULD HAVE DIFFERED. STRICKLAND Vs. WASHINGTON, 466 U.S. 668, 687-96, 104 S. CT. 2052, 80 L.Ed. 674); BONE Vs. STATE, 77 S.W 3d 828, 833; THOMPSON Vs. STATE, 9 S.W. 3d 808, 812 (TEX Crim App. 1999).

According to Complaintants ACTUAL MEDICAL RECORDS SHOW THAT THE WEAPON INVOLVED IN INCIDENT WAS A BUTCHER KNIFE, (CLERK'S RECORD, p 122-24 HOUSTON FIRE DEPARTMENT, p. 808, 809 CHILD PROTECTION AGENCY, p. 179 HOSPITAL RECORD) BUT THAT WEAPON IS NOT THE SAME WEAPON IN EVIDENCE. "ANY EXTRA-JUDICIAL CONFESSION BY THE ACCUSED IS INSUFFICIENT TO SUPPORT A CONVICTION UNLESS CORROBORATED BY EVIDENCE TO SUPPORT THE CRIME," GRIBBLE Vs. STATE 808 S.W. 2d 65, 70.

# PRAYER

WHEREFORE, PETITIONER PRAYS THAT:

(1) THIS COURT WILL GRANT A DISCRETIONARY REVIEW AND AFTER SAID REVIEW:

(2) DETERMINE THAT THE REVIEW OF THE FIRST COURT OF APPEALS WAS NOT APPLICABLE AND IN ERROR;

(3) GIVE AN EN BANC REVIEW OF THE EVIDENCE IN THIS CASE BASED UPON THE PROPER STANDARD OF REVIEW AND AFTER THE REVIEW;

(4) REVERSE THE COURT OF APPEALS OPINION WITH REMAND BACK TO THE TRIAL COURT WITH INSTRUCTIONS OF ENTRY OF AQUITTAL FOR INEFFECTIVE ASSISTANCE OF COUNSEL AND INSUFFICIENT EVIDENCE TO PROVE AGGRAVATED ASSAULT (2° NOR 1°) DEGREE BY PETITIONER; AND

(5) ANY AND ALL OTHER RELIEF TO WHICH PETITIONER IS JUSTLY ENTITLED, "A NEW TRIAL"

RESPECTIVELY SUBMITTED,

Jimmy R. Williams

JIMMY R. WILLIAMS
BILL CLEMENTS UNIT - 1899010
9601 SPUR 591
AMARILLO, TEXAS 79107-9606

(9) PRO SE

# Appendix

Memorandum Opinion — First Court Of Appeals

Opinion issued October 21, 2014



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-13-01054-CR

———————————

**JIMMY R. WILLIAMS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

———————————

**On Appeal from 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1362277**

———————————

## MEMORANDUM OPINION

Appellant, Jimmy R. Williams, pleaded guilty to the first-degree felony

offense of aggravated assault — family member with serious bodily injury — with

no agreed recommendation from the State regarding punishment. *See* TEX. PENAL

CODE ANN. § 22.02(b)(1) (Vernon 2011). Following a punishment hearing, the

trial court assessed appellant's punishment at 45 years of confinement. The trial court certified that this is not a plea-bargain case and that appellant has the right to appeal. Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with an *Anders* brief stating that the record presents no reversible error and that, therefore, the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and that he is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed us that he has delivered a copy of the brief to appellant and informed him of his right to file a response. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Furthermore, a copy of the record has been sent to appellant for review. *See Kelly v. State*, 436 S.W.3d 313, 322 (Tex. Crim. App. 2014). Appellant filed a pro se response, arguing that he was denied effective assistance of counsel because his trial counsel allegedly failed to cross-

2

examine the complainant and failed to call any supporting witnesses during his punishment hearing. Appellant also argues that the complainant's affidavit fails to mention anything about multiple wounds and appellant denies causing the "additional wounds." Finally appellant argues that both the trial judge and appellant's trial attorney failed to review the complainant's medical records or psychological background prior to sentencing.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, that there are no arguable grounds for review, and that therefore the appeal is frivolous. *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether the appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005); *Mitchell*, 193 S.W.3d at 155. An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Thomas Martin must immediately send the notice required by

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal

Texas Rule of Appellate Procedure 6.5(c) and file a copy of that notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Higley, Bland, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).

---

and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 826–27.

181406 Jimmy R. Williams
CLEMENTS UNIT 8K636
9601 SPUR 591
AMARILLO, TEXAS 79107-9606

Court Of Criminal Appeals Of Texas
P.O. Box #12308, Capital Station
Austin, Texas 78711

